[803 NYS2d 144]

In the Matter of ALAN R. BIEGELSON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 31, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated March 18, 2004, containing three charges of professional misconduct. After a pretrial conference on January 12, 2005, and a hearing on January 27, 2005, the Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. Although served with the motion on April 19, 2005, the respondent failed to reply or to request additional time in which to do so.

Charge One alleges that the respondent failed to properly safeguard escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent maintained an attorney escrow account, identified as "IOLA-Alan R. Biegelson Attorney at Law" at Chase Manhattan Bank, now known as JP Morgan Chase Bank. He represented Francesco Polito and Pamela Polito in the sale of a property located at 172 Minna Street, Brooklyn, to Laurie Torres and Rafael Torres. The respondent received funds incident to that sale which he deposited into his attorney escrow account. At the closing on June 23, 2003, the respondent agreed to retain $2,000 of the Politos' funds in escrow pursuant to a written possession agreement. The respondent failed to maintain those funds in escrow pursuant to that agreement.

Charge Two alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibil-

ity DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between approximately October 2002 and October 2003, the respondent maintained funds entrusted to him as a fiduciary, incident to his practice of law, in his attorney escrow account. During that time, he failed to withdraw his attorney's fees from his attorney escrow account when earned.

Charge Three alleges that the respondent failed to maintain a ledger book or similar record of deposits to and withdrawals from his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent failed to contemporaneously maintain a ledger book or similar record for his attorney escrow account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, charges or withdrawals from the account, and the names of all persons to whom such funds were disbursed.

Based on the evidence adduced, the Special Referee properly sustained all three charges. The motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner notes that in December 2003, the respondent received a personally-delivered admonition for failure to reregister as an attorney and failure to cooperate with the Grievance Committee's investigation. On April 17, 2002, the petitioner issued the respondent an admonition for failure to cooperate with its investigation and that of the Brooklyn Bar Association Grievance Committee. On October 19, 2000, the petitioner issued an admonition for the respondent's failure to reregister as an attorney. On March 17, 1999, the petitioner issued a letter of caution for aiding a nonattorney in the unauthorized practice of law, failure to supervise nonattorney staff, and failure to communicate with a fellow attorney. On December 19, 1995, the petitioner issued a letter of caution for failure to reregister as an attorney.

By decision and order on motion dated June 3, 2005, this Court denied a motion by the Grievance Committee for the respondent's interim suspension but authorized a second disciplinary proceeding against him based upon his failure to cooperate with its investigation into a complaint that he had improperly represented Carol A. Guice and her mother in the

sale of their home (*see Matter of Biegelson* [App Div Docket No. 2005-02462]).

The respondent has offered no mitigation.

Under the totality of circumstances, the motion to confirm is granted, the respondent is disbarred, and the disciplinary proceeding authorized by decision and order on motion of this Court dated June 3, 2005 (App Div Docket No. 2005-02462) is discontinued.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and COZIER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated June 3, 2005 (App Div Docket No. 2005-02462) is discontinued; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alan R. Biegelson, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Alan R. Biegelson, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alan R. Biegelson is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alan R. Biegelson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).